The plaintiff has filed an objection to the defendant's motion for default for failure to file a pleading responsive to the defendant's counterclaim. The case first came before the court on the plaintiff's application for a prejudgment attachment. At the hearing on that application, the defendant filed its answer special defense and counterclaim in order to put before the court its legal position with regard to the allegations made in the original complaint. The answer, special defense and counterclaim were filed on October 15, 1991. Having filed only an unsigned complaint, in accordance with 52-278C(a) and (d) C.G.S. at the time of the hearing on his application, the plaintiff returned the signed writ, summons and complaint to court on March 5, 1992.
The plaintiff takes the position that the defendant's motion for default was premature because Section 114 P.B. provides that "[c]ommencing on the return day of the writ, summons and complaint in civil actions, pleadings . . . shall first advance within thirty days from the return day . . ."
The parties have appealed from this court's ruling granting, in part, the plaintiff's application for a prejudgment remedy. One of the issues in that appeal is the consideration by this court in that hearing of the defenses raised by the defendant in its pleading dated October 25, 1991.
The plaintiff fears that if it recognizes the October 25 pleading CT Page 5342 as an effective pleading, it will jeopardize its position on appeal. As a result, the parties are in stalemate with regard to closing the pleadings, with the consequence that the appeal from a prejudgment remedy order may serve to delay the adjudication of the case on its merits because the pleadings are not being closed.
The Supreme Court indicated in Maryland Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 623-624 (1990), that a trial court ruling on an application for a prejudgment remedy should, in weighing the movant's probability of success on the merits, take into account the defenses raised. In that case, the trial court had denied a motion to dissolve an attachment even though it made a factual finding that the real estate listing agreement upon which the plaintiff's claim was based was not legally valid. The Supreme Court reversed, implicitly because the trial court should have recognized the validity of the defense as defeating the plaintiff's ability to demonstrate probable cause.
The Supreme Court in DeMarkey did not reach the issue as to how defenses are generally to be raised in the context of an application for a prejudgment attachment. In that case, the defenses were raised after the attachment had been granted, apparently ex parte, as grounds raised in the motion to dissolve. The parties in the instant case have not submitted briefs, nor have they cited any case law concerning the issues raised in the objection now before the court. The sole ground raised by the plaintiff in support of its objection to the defendant's motion for default for failure to plead is contained in paragraph 4 of its objection:
 4. The defendant's Answer, Special Defense and Counterclaim dated October 24, 1991 were served prior to the return date. In accordance with Practice Book 114, "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings . . . shall advance within thirty days from the return day . . ."
On its face, nothing in the cited provision of 114 P.B. precludes the filing of an answer, special defense and counterclaim earlier than the return day; rather, the rule sets the outer limit of the time for a responsive pleading. More than thirty days have elapsed since the plaintiff returned its complaint to court, and the defendant has clearly indicated that it adopts its pleading filed on October 25, 1991 as its responsive pleading to the complaint.
Section 116 P.B., which provides for the filing of counterclaims, does not designate when a counterclaim may be filed.
The plaintiff raises no issue concerning the adequacy of service of the counterclaim and has clearly been on notice of the CT Page 5343 defendant's claim against him since October 25, 1991.
Section 114 P.B. provides that the pleadings shall advance "at least one step within each successive period of fifteen days from the preceding pleading."Read most broadly, 114 and 116 P.B. gave the plaintiff until April 14, 1992 to file a pleading addressed to the counterclaim. He has failed to do so, and a default will enter against him for failure to plead if he fails to plead to the counterclaim within fifteen days of the date of this ruling. The objection to the motion to default is overruled.